UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 13

Lance Alden Davis,                                              Case No. 15-45016

      Debtor.                                                   Hon. Phillip J. Shefferly
_____/

### ORDER AWARDING PRE-CONFIRMATION ATTORNEY FEES AND COSTS

On May 25, 2016, Gigliotti & Associates, P.C. ("Law Firm") filed an application ("Application") (ECF No. 95) for payment of pre-confirmation fees and reimbursement of costs as the attorney for the Debtor in this Chapter 13 case. The Chapter 13 Trustee objected. On July 12, 2016, the Court held a hearing. At the hearing, the Court requested the Law Firm to file a supplement in support of the Application. The Law Firm did so. This order is entered to award in part and deny in part the fees and costs requested by the Law Firm.

The background for the Application is as follows.

On March 31, 2015, the Debtor filed this Chapter 13 case. Prior to the time that he filed the case, the Debtor was employed as a schoolteacher, but shortly before the petition was filed, he lost his job. When he filed the petition, he had just begun working as a driver for Uber. Among other reasons, the Debtor filed the Chapter 13 case in an attempt to save his home from foreclosure.

It took an unusually long period of time to get to confirmation of a plan in this case. A review of the docket shows that the Debtor filed three separate plans and that confirmation was

scheduled on eight separate occasions. Only one of those confirmation hearings actually took place on the Court's contested docket as the other confirmation hearings were adjourned from time to time by agreement of the Debtor and the Trustee. On the eighth try, the Debtor's plan was confirmed at a confirmation hearing on May 10, 2016.

By the time of confirmation, the Debtor's financial circumstances had changed greatly and in multiple ways since he filed his Chapter 13 petition. By this time, the Debtor was no longer working as an Uber driver, but was now working as a security guard. Further, by this time, the Debtor recognized that he would not be able to save his home and therefore the confirmed plan provided for his home to be surrendered. Although the Debtor surrendered his home under the confirmed plan, the plan provided for the Debtor to retain an interest in certain rental property as well as a vehicle and provided a small dividend to his unsecured creditors. The worksheet that accompanied the Debtor's plan that was ultimately confirmed estimated the attorney fees and costs through confirmation to be $3,500.00 and estimated the attorney fees and costs post-confirmation for the duration of the case to be $2,000.00.

The Application seeks fees in the amount of $9,348.50 for the period of time from March 27, 2015 to May 10, 2016 and reimbursement of costs in the amount of $184.54. On June 14, 2016, the Trustee filed a written objection (ECF No. 98). Following the hearing, the Law Firm filed a supplement ("Supplement") (ECF No. 101) on July 19, 2016 as permitted by the Court during the hearing.

The Trustee makes several arguments. First, the Trustee argues that $9,532.95 is an unreasonable amount for a case of this nature and size. Second, the Trustee argues that the fees

requested are nearly three times the presumptively reasonable fee of $3,500.00 under E.D. Mich. LBR 2016-1(c), and are not supported by the facts. Third, the Trustee argues that if the fees as requested by the Application are awarded, this case will run 80 months long, which means that the Debtor will not receive a discharge in this case. Fourth, the Trustee points to a number of specific time entries in the Application that the Trustee believes to be non-compensable either because they are clerical in nature (¶ 4 of the Trustee's objection) or because they provided no benefit to the Debtor or the Debtor's estate (¶ 3 of the Trustee's objection). The Trustee requests that the Court disallow all fees and costs to the extent that they exceed $4,300.00.

The Law Firm responds that the reason why the fees are so high in this case is not due to the fault of the Law Firm but is directly related instead to the multiple changes in the Debtor's financial circumstances since the time that the case was filed. Initially, the Debtor hoped to retain his home based on his occupation as a teacher and then, upon taking a job as a driver for Uber, found his hours and compensation fluctuated such that it would no longer be possible. Eventually the Debtor changed jobs again and it became clear that he would have to surrender his home. These changes in the Debtor's employment circumstances necessitated multiple conferences between the Law Firm and the Debtor, requiring multiple amendments to schedules and exchanges of pay stubs and other information with the Trustee, followed by multiple adjournments of confirmation. The Law Firm argues that it should not be punished by having its fees reduced when the reasons for the size of the fees are due directly to the changes in the Debtor's circumstances and not to any failure by the Law Firm. As for the Trustee's concern that the Debtor's plan will run long if these fees are awarded, thereby impairing the Debtor's

ability to obtain a discharge, the Law Firm argues that the confirmed plan is just in its infancy and there can be a number of ways that the Debtor may be able to fully fund the plan going forward to solve the funding problem and still be able to obtain a discharge. Finally, the Law Firm points out that the Debtor has no objection to the fees that are being requested by it.

Section 330(a)(1) of the Bankruptcy Code authorizes a bankruptcy court to award reasonable compensation for actual, necessary services rendered by an attorney. Section 330(a)(4)(B) states that a bankruptcy court may allow reasonable compensation to the attorney for an individual debtor in a Chapter 13 case based on a consideration of the benefit and necessity for such services to the debtor and the other factors set forth in § 330. In re Boddy, 950 F.2d 334 (6th Cir. 1991), instructs bankruptcy courts to employ a lodestar approach by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended to determine a reasonable fee. Boddy also explains that a bankruptcy court can consider other relevant factors, such as those set forth in § 330(a)(3), and that a bankruptcy court may also exercise discretion to consider still other factors, such as the novelty and difficulty of the issues in the case, the specific skills of counsel, the results obtained, and whether the fee award is commensurate with the fees for similar professional services in non-bankruptcy cases in the local area.

The burden of proof is on a professional requesting compensation for his or her services from the bankruptcy estate. Courts frequently observe that this burden should not be taken lightly because every dollar expended on legal fees in a bankruptcy case results in a dollar less that is available for distribution to the creditors or other use by the debtor.

-4-

Taking as its starting point the lodestar approach in <u>Boddy</u>, the Court finds that the hourly rates requested in this case by the Law Firm are reasonable. However, the Court finds that the hours are not. The Application reflects that 36.2 hours of time were expended by attorneys at the Law Firm, and that 3.4 hours were expended by paralegals at the Law Firm. The Court has no trouble with the hours expended by the paralegals, but 36.2 hours is an unreasonable amount of time for a case having the attributes of this case. The Supplement explains that the Law Firm met on multiple occasions with the Debtor to discuss the various changes in the Debtor's circumstances and the various options available for the Debtor. But, at some point, continuing to expend time in discussing those changes and in considering different strategies that might be available becomes unreasonable. Eight confirmation hearings is well past that point.

The Court understands that a debtor's circumstances frequently change post-petition and create a need for more legal services or a need to alter strategies. But a debtor and an attorney for the debtor cannot lose sight of the fact that the debtor is still in a Chapter 13 case, and that the fees incurred are ultimately borne by the debtor's creditors. And in this instance, the Debtor's case is a Chapter 13 case with no novel or complex issues, and a confirmed plan that provides for a surrender of the Debtor's home and only a minimal distribution to unsecured creditors.

After taking into consideration all of the facts explained in the Supplement, the Court considers the amount of hours to be excessive. Drawing on the Court's experience in other Chapter 13 cases, <u>see</u> <u>In re Ulrich</u>, 517 B.R. 77 (Bankr. E.D. Mich. 2014), the Court finds that a reduction for 10 hours of attorney time is warranted in this case in light of the nature and

-5-

15-45016-pjs    Doc 102    Filed 07/22/16    Entered 07/22/16 15:23:06    Page 5 of 8

complexity of the issues in this case, the time expended in the performance of the services, and the other factors set forth in § 330(a)(4). There were several charges for clerical tasks, some billed at the paralegal rate and some at the attorney rate, for example, serving amended plans and preparing proofs of service. The Trustee had to adjourn the § 341 meeting twice because of the failure of very basic requirements, such as the lack of documents and proper identification. There were three attorneys working the file. Although one charged minimal time, there were still some duplicative and unnecessary services. Some examples are that both a senior and an associate attorney charged time for reviewing an order excusing entry of a third party payment order. The senior attorney charged for reviewing the § 341 sheet before each hearing when the associate attorney attended the hearings and also charged for reviewing the file. Both attorneys charged for resolving issues regarding objections to confirmation and the order confirming plan, yet only the associate attorney attended the confirmation hearings. And before each confirmation hearing, the senior attorney composed letters to the Debtor regarding his duties and responsibilities. This service appears to have arisen out of routine rather than need.

The Application indicates a blended rate of $236.07 for the time expended by the Law Firm in this case. Ten hours at that rate is $2,360.70. The Court will therefore reduce the fees requested in the Application by that amount.

The amount of the reduction in this case still leaves the Law Firm with allowed fees in the amount of $6,987.80. The Court considers that to still be a reasonable fee in the circumstances of this case. First, it is still double the presumptively reasonable fee under E.D. Mich. LBR 2016-1. Second, it greatly exceeds the amount that even the Law Firm

-6-

15-45016-pjs    Doc 102    Filed 07/22/16    Entered 07/22/16 15:23:06    Page 6 of 8

estimated when it filed the worksheet that accompanied the second amended plan that was confirmed by the Court. That worksheet estimated $3,500.00 of fees through confirmation, and another $2,000.00 of fees post-confirmation, for a total of $5,500.00 of fees. The award that the Court is now making on the Application in the amount of $6,987.80 exceeds all of that.

The Trustee makes a good point that any fees awarded in this case in excess of $4,300.00 will cause the plan to run long. The Court is concerned about that too. However, after reviewing the Supplement, the Court concludes that most of the reasons for the excess fees in this case were due to changes in the Debtor's employment and his financial circumstances, and to the Debtor's failure to provide the Law Firm with required documents necessary to prosecute the case. The Court realizes that a fee of $6,987.80 will cause the Debtor's plan to run long, but the Court believes that it would be unfair to reflexively reduce the Law Firm's fees by whatever amount causes the plan to run long. The Court might have a different view if the record showed that at the time the services were rendered by the Law Firm, the Law Firm did not have any reason to believe that these services were likely to benefit the Debtor and this estate. However, that is not the impression that the Court has from reviewing the file. It appears to the Court that at the time the services were rendered, the Law Firm did reasonably believe that these services would benefit the Debtor and the Debtor's estate.

The Court will not make any reduction with respect to the specific time entries objected to by the Trustee because the Court considers the overall reduction that it has made in the amount of $2,360.70 to adequately encompass all of those specific objections as well as the Trustee's other objections.

-7-

15-45016-pjs    Doc 102    Filed 07/22/16    Entered 07/22/16 15:23:06    Page 7 of 8

In sum, the Court finds that the Law Firm did a good job in this case, but did not meet its burden to show that all of the requested fees are reasonable. Based on a review of the entire file, the Application, the Supplement, and the Trustee's objection, the Court finds that a reasonable fee in this case is $6,987.80.

Accordingly,

**IT IS HEREBY ORDERED** that the Application is granted in part and denied in part. The Law Firm is awarded fees in the amount of $6,987.80 and costs in the amount of $184.54, for a total of $7,172.34. The balance of the fees requested by the Application is denied.

.

**Signed on July 22, 2016**

    **/s/ Phillip J. Shefferly**
**Phillip J. Shefferly**
**United States Bankruptcy Judge**